IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

HOME FEDERAL BANK, a wholly-
owned banking subsidiary of Home
Federal Bancorp, Inc., an Idaho
Corporation,

        Plaintiff,                     3:12-cv-1720-PA

                                            **ORDER**

   v.

MARILYN A. GIBBS, an individual,
CROOKED RIVER RANCH CLUB AND
MAINTENANCE ASSOCIATION, an
Oregon domestic non-profit
association,

        Defendants,

MARILY A. GIBBS, an individual,

        Defendant/Third
        Party Plaintiff,

   v.

DAVID A. EVANS, an individual,

        Third Party
        Defendant,

1  - ORDER

**PANNER, J.**

Before the court is plaintiff's motion for partial summary judgment [#10] on plaintiff's complaint for foreclosure of deed of trust and breach of promissory note. For the following reasons, plaintiff's motion for partial summary judgment is GRANTED.

**BACKGROUND**

Plaintiff, Home Federal Bank is a wholly-owned banking subsidiary of Home Federal Bancorp, Inc., an Idaho corporation with its principal office in Idaho. Defendants are Crooked River Ranch Club and Maintenance Association, an Oregon non-profit corporation, and Marilyn A. Gibbs (Gibbs), an individual and owner of the real property located in Terrebonne, Oregon.

On or about February 27, 2008, Gibbs delivered to Community First Banking (Community First) two promissory notes in the sums of $215,000.00 (Note 664) and $162,000.00 (Note 667). Gibbs also executed and delivered to Community First a business loan agreement for each loan, under the terms of which, Community First agreed to make advances to Gibbs. At the same time, Gibbs executed to Community First, for security on Note 664, a deed of trust for real property located at 16727 SW Chinook Road, Terrebonne, Oregon 97760 (664 Trust Deed). Additionally, Gibbs executed to Community first, as security for Note 667, a similar deed of trust for property located at 6250 SW Ermine Road,

2  - ORDER

Terrebonne, Oregon 97760 (667 Trust Deed).

Around August 2009, the Federal Deposit Insurance Commission (FDIC) seized Community First and placed all of its assets into receivership. Plaintiff acquired certain assets of Community First, including Note 664, 664 Trust Deed, Note 667, 667 Trust Deed, and their corresponding documents. After February, 2011, Gibbs stopped making the monthly payments on the loans. On or about April 14, 2011, and again on April 28, 2011, Plaintiff delivered to Gibbs a Notice of Default and Demand for Note 664 and 667. Plaintiff requests foreclosure on both of the properties pursuant to the default and as provided in the deeds of trust and relief for breach of promissory note.

At oral argument, Gibbs acknowledged the sole remaining question was the amount of damages plaintiff is entitled to.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. Rivera v. Phillip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. Id. The court reviews evidence and draws inferences in the light most favorable to the non-

3  - ORDER

moving party. <u>Miller v. Glenn Miller Prods., Inc.</u>, 454 F.3d 975, 988 (9th Cir. 2006) (quoting <u>Hunt v. Comartie</u>, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Gibbs argues that plaintiff is not a holder in due course. Under Oregon law, a holder in due course is defined as a holder who takes the instrument (1) for value; (2) in good faith; and (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. ORS 73.0302. "As a general rule, a holder in due course takes a negotiable instrument free from 'all claims to it on the part of any person' and from 'all defenses of any party to the instrument within whom the holder has not dealt.'" <u>Gossen v. JP Morgan Chase Bank</u>, 819 F.Supp. 1162, 1168 (W.D. Wa. 2011).

The FDIC is considered to be a holder in due course, and the shelter doctrine grants that status to the FDIC's assignees. <u>Id.</u> The official commentary to the Uniform Commercial Code, following ORS 73.0302, specifically states, "Under governing federal law, the FDIC and similar financial institutions insurers are given holder in due course status and that status is also acquired by

4 - ORDER

their assignees under the shelter doctrine." U.C.C. § 3-302 cmt.
5 (2011). Plaintiff is an assignee of the FDIC. Therefore, as an
assignee of the FDIC, plaintiff acquires the FDIC's status as
holder in due course.

Gibbs conceded during oral argument that the loans were
defaulted on. However, Gibbs disputed the amount of money owed in
damages for the default. As holder in due course, plaintiff is
entitled to the full amount owed on the loans. Gibbs's argument
that plaintiff's damages are limited to the amount paid as
consideration for the loan is foreclosed under Oregon law.
Gregoire v. Rourke, 28 Or. 275, 277 (1895). In Oregon, "An
assignee to a contract occupies the same legal position under a
contract as does an original contracting party." Autolend, IAP,
Inc., v. Auto Depot, Inc., 170 Or. App. 135, 142 (2000).

Because plaintiff has the status of holder in due course, it
is entitled to summary judgment on the foreclosure for deed of
trust and breach of promissory note.

## CONCLUSION

Plaintiff's motion for partial summary judgment [#10] is
GRANTED.

IT IS SO ORDERED.

DATED this _8th_ day of July, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

5  - ORDER